IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terrence Tiran Haggins, #247777, ) | |
| ) | C.A. No. 4:08-161-HMH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Sgt. Garry Manigault, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff, Terrence Tiran Haggins ("Haggins"), proceeding pro se, seeks monetary compensation from Sergeant Garry Manigault ("Sgt. Manigault") for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Magistrate Judge Rogers recommends that the court grant Sgt. Manigault's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Haggins is currently an inmate housed at the Lancaster County, South Carolina jail. He filed his complaint against Sgt. Manigault on January 16, 2008. Haggins alleges claims regarding incidents which occurred while he was incarcerated in the Special Management Unit ("SMU") at Lieber Correctional Institution ("LCI"). His claims include the unnecessary use of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

mace, being placed in a point-restraint chair, lack of medical attention, failure to respond to grievances, and being fed food that contained metal.

Sgt. Manigault filed a motion for summary judgment on July 11, 2008. Magistrate Judge Rogers issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on July 14, 2008, notifying Haggins of the summary judgment procedure. On September 4, 2008, after receiving an extension of time to respond to the motion for summary judgment, Haggins filed a response stating that he was unable to sufficiently reply to the motion because the court denied his motion for appointment of counsel. The magistrate judge entered his Report and Recommendation on January 23, 2009, recommending granting Manigault's motion for summary judgment due to Haggins' failure to exhaust his administrative remedies. (Report and Recommendation 10.)

## II. DISCUSSION OF LAW

Haggins filed objections to the magistrate judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Haggins' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Haggins, however, specifically objects to the magistrate judge's finding that

Haggins failed to exhaust his administrative remedies. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Exhaustion is not "left to the discretion of the district court, but is mandatory." Id. at 85. Haggins alleges that he was unable to exhaust his administrative remedies because he was released from LCI. (Objections 2.)

Haggins filed four grievances while incarcerated at LCI. On June 1, 2007, Haggins filed a step 1 grievance ("June 1, 2007 Grievance") which was returned as partially non-grievable. (Def.'s Mot. Summ. J. Ex. D (Inmate Grievance Forms).) The grievable portion of the June 1, 2007 Grievance was appealed to step 2. However, the June 1, 2007 Grievance was dismissed pursuant to LCI's policy when Haggins was released from LCI's custody. Haggins filed two grievances on July 2, 2007, one of which was returned non-grievable and another that was returned to Haggins for being improperly sent. The July 2, 2007 grievances were not appealed prior to Haggins' release from custody. Lastly, on July 18, 2007, Haggins filed a grievance which was returned as non-grievable. Haggins did not appeal this grievance.

As the magistrate judge explains, a step 1 grievance must be filed within fifteen days of the alleged incident. The Warden is required to respond to the step 1 grievance no later than forty days from its filing. "If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden." (Report & Recommendation 8.) Only after completing both Step 1 and Step 2 in the South Carolina Department of Corrections grievance process has an inmate properly exhausted a claim under § 1983. See 42 U.S.C. § 1997e.

3

Haggins' July 1, 2007 Grievance was dismissed on June 1, 2007 when he was released from LCI custody. Haggins failed to exhaust his administrative remedies by appealing the remaining three grievances. Even assuming that Haggins exhausted his administrative remedies with respect to the June 1, 2007 Grievance, the claim fails on the merits. In the June 1, 2007 Grievance, Haggins asserts that Sgt. Manigault used excessive force in violation of the 8th Amendment when he threatened Haggins and slammed the food service flap. (Compl. Ex. 10 (Inmate Grievance Form).) Haggins has failed to show physical injury as a result of this alleged incident; moreover, any injury would have been de minimis. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). Based on the foregoing, the court finds that Haggins has not exhausted his administrative remedies with respect to three of his grievances and to the extent he has exhausted his July 1, 2007 Grievance, it fails on the merits. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that Sgt. Manigault's motion for summary judgment, docket number 39, is granted.

**IT IS SO ORDERED**.

                                                   s/Henry M. Herlong, Jr.
                                                   United States District Judge

Greenville, South Carolina
February 10, 2009

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.